UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case Number: 13-10684-7 |
| KEVIN JOHN ZAJA, | |
| Debtor. | |
| ERIE INSURANCE COMPANY and ANTHONY STAFFORD, | |
| Plaintiffs, | Adversary Number: 13-60 |
| v. | |
| KEVIN JOHN ZAJA, | |
| Defendant. | |

## **DECISION**

Erie Insurance Company ("Erie") and Anthony L. Stafford ("Stafford") are two unsecured creditors in this Chapter 7 case. Erie and Stafford seek to except from discharge certain debts to them pursuant to 11 U.S.C. § 523(a)(4). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

On February 19, 2013, Kevin Zaja ("Zaja") filed a petition under chapter 7 of the Bankruptcy Code. On March 28, 2013, Plaintiffs Erie and Stafford filed this adversary proceeding against Zaja to determine that certain debts arising from Zaja's relations with Erie and Stafford are nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Erie and Stafford filed a motion for

summary judgment and Zaja responded to the motion. According to the admissions contained in the Defendant's answer to the Plaintiffs' complaint, as well as the admitted facts contained in the joint pre-trial statement, the following facts are not in dispute:

1. Plaintiff Erie Insurance Company is a Pennsylvania-domiciled insurance company with its principal place of business located at 100 Erie Insurance Place, Erie, PA 16530.

2. Plaintiff Stafford is an adult resident of the State of Wisconsin who resides at S83 W20342 Janesville Road, Muskego, WI 53150.

3. Debtor-Defendant Zaja is an adult resident of the State of Wisconsin who is currently incarcerated at the Prairie du Chien Correctional Institution, 500 East Parrish Street, Prairie du Chien, WI 53821-2730.

4. On or about May 31, 2011, Zaja intentionally took property, consisting of a trailer and two (2) automotive hoists, belonging to Stafford without consent and with the intent of permanently depriving Stafford of his property and converting it to Zaja's own use.

5. Erie provided to Stafford a policy of insurance, pursuant to which Erie became obligated to pay Stafford for damages related to the theft.

6. Erie paid Stafford the sum of $5,350.00 related to the theft.

7. The insurance policy was subject to a deductible in the amount of $500.00 that was an additional amount of damage to Stafford.

8. Erie and Stafford sued Zaja in Waukesha County, Wisconsin, for damages stemming from the theft.

9. A judgment was entered in favor of Erie and Stafford and against Zaja on March 21, 2012, in the amount of $6,406.50.

10. Zaja did not appeal the judgment.

According to the answer and joint pre-trial statement, the following facts are in dispute:

1. Whether the amount of damages included in the judgment is accurate.

2. Whether Zaja would suffer an undue hardship if the debt was not discharged.

## Discussion

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. *Carter v. Stanton*, 405 U.S. 669, 671, 92 S. Ct. 1232, 31 L. Ed. 2d 569 (1972); *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495 (7th Cir. 1972). Not every fact is material, and materiality depends on the substantive law. Thus, if the disputed facts, regardless of which way they are resolved, would not affect the outcome of the case, they are not material and do not preclude summary judgment.

3

The movant has the burden to demonstrate that there is no genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Furthermore, the evidence offered by the movant is viewed in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). However, once the motion for summary judgment has been made and properly supported, *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553, the party opposing the motion may not rely on the mere allegations and denials contained in its pleadings, but must submit countervailing evidence to show that a genuine issue exists for trial. Fed. R. Civ. P. 56(e). No genuine issue for trial exists if the record, taken as a whole, does not allow a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

The standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard. *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 661, 112 L. Ed. 2d 755 (1991).

Section 523(a)(4) excepts from discharge any debt "for . . . larceny." "Larceny" is the fraudulent and wrongful taking and carrying away of the property of another with the intent to convert the property to the taker's use without the consent of the owner. In other words, section 523(a)(4) excepts from discharge debts resulting from the taking of another's property that was

4

unlawful and without consent and with the intent of depriving the owner of the property.

A related issue is whether under the doctrine of collateral estoppel the elements of Zaja's liability, as established by the state court judgment, satisfy the larceny elements of 11 U.S.C. § 523(a)(4). Collateral estoppel (also known as issue preclusion) applies in the bankruptcy context. *Grogan*, 498 U.S. at 284. A state court judgment is entitled to full faith and credit in bankruptcy proceedings. *Id.* The effect of a judgment in subsequent litigation is determined by the law of the jurisdiction that rendered the judgment. *In re Catt*, 368 F.3d 789, 791 (7th Cir. 2004). Therefore, the effect of the state court judgment is governed by Wisconsin law.

Collateral estoppel or claim preclusion bars re-litigation of issues or claims that were or could have been litigated. The law of the state where the prior judgment was entered governs whether the doctrine of claim preclusion applies. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). In the context of a default judgment, "[t]he conclusiveness of a default judgment . . . 'is limited to the material issuable facts which are well pleaded in the declaration or complaint. The judgment does not extend to issues which were not raised in the pleadings.'" *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 34, 282 Wis. 2d 582, 698 N.W.2d 738 (2005) (citations omitted); *see also Klaus v. Vander Heyden*, 106 Wis. 2d 353,

359, 316 N.W.2d 664 (Wis. 1982) ("In the case of a default judgment, relief is limited to that which is demanded in the plaintiff's complaint.").

In addition, Wisconsin's "notice pleading" policy affects the claim preclusion analysis. "[A] complaint must simply contain '[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief.' These claims are to be liberally 'construed [so] as to do substantial justice.'" *Doe 67C v. Archdiocese of Milwaukee*, 2005 WI 123, ¶ 35, 284 Wis. 2d 307, 328-29, 700 N.W.2d 180, 190 (Wis. 2005) (citing Wis. Stats. §§ 802.02(1)(a), 802.02(6); *Prah v. Moretti*, 108 Wis. 2d 223, 229, 321 N.W.2d 182).

Application of collateral estoppel is a two-step process. First, this Court must determine what the state court judgment decided. Second, it must consider how that determination applies to the current proceeding.

The scant record before the Court does not include the pleadings from the state court proceeding. The complaint in the adversary proceeding does, however, represent that an action was filed against Zaja seeking damages for the theft of property from Stafford and the resulting insurance payment to Stafford caused by the theft. It is also undisputed that Zaja intentionally took three items of personal property belonging to Stafford without consent and with the intention of converting the property to Zaja's own use or benefit. It is uncontroverted that a judgment was entered in the state court case. The

amount of Stafford's deductible ($500.00) is not contested nor is the fact that Erie paid Stafford $5,350.00 under the insurance policy. These amounts, together with pre-judgment interest and statutory costs, apparently form the amount of the judgment entered by the state court. The additional amounts sought in this case are post-judgment interest.

The state court judgment determined that Zaja was liable to Erie and Stafford in the amount of $6,406.50. This amount included the damages that flowed from the unlawful taking by Zaja of personal property belonging to Stafford and, presumably, interest on those amounts and costs. Zaja does not dispute that he unlawfully appropriated and took property from Stafford with the intent of depriving Stafford of that property. Nor does he dispute that the amount paid by Erie to Stafford was $5,350.00 and that Stafford also had a $500.00 deductible related to the property. Accordingly, even without the state court judgment, Zaja admits he committed theft of Stafford's property resulting in damages in the amount of $5,850.00.

The second step in the analysis is determining how the state court's conclusion that Zaja was liable to Erie and Stafford for damages caused by the intentional taking of property with the intent to convert it to Zaja's use relates to this adversary proceeding. The analysis is clear. Zaja wrongfully and with fraudulent intent took property from its owner, Stafford. Therefore, the elements required to determine that there is a debt excepted from discharge under 11 U.S.C. § 523(a)(4) have been established.

While not contesting there was a theft of property for which he was liable, Zaja does argue that the losses sustained by Stafford were overstated in amount and the property that was taken had an actual value less than the amount paid by Erie. Further, there is an absence of proof in the record regarding the make-up of the amounts sought in the adversary that are in excess of the damages in the amount of $5,850.00. Instead, the Plaintiffs ask the Court to speculate that the additional sums are directly related to and flow from the sum of the deductible and the amounts paid.

A "debt" excepted from discharge is defined as a "liability on a claim." 11 U.S.C. § 101(12). A "claim" is "a right to payment." 11 U.S.C. § 101(5)(A). The state court judgment establishes a right to payment and is a debt. Zaja admits that Stafford had a $500.00 deductible under his insurance policy that was not paid or reimbursed. Effectively, therefore, Zaja concedes that there was a debt to Stafford for $500.00. Nor does Zaja dispute that Erie paid $5,350.00 to Stafford for the property taken by Zaja. Instead, he argues that in an initial statement to police Stafford valued one of the lifts at $1,800.00 new and that it was missing pieces. Subsequently, Zaja says, Stafford claimed the parts became missing after removal of the property from Stafford's property. The loss that was then asserted by Stafford was $5,850.00, leading Zaja to conclude that Stafford made incorrect statements about the loss.

These arguments fail. While Stafford did provide the police with an estimate for value of $1,800.00 new for one of the stolen hoists, he also valued

a second missing hoist at $5,000.00. Erie investigated and estimated the replacement costs of the two hoists as $2,850.00 and $12,000.00, respectively. The Erie policy was a replacement policy. Erie negotiated with Stafford and paid him $5,350.00—an amount of $5,850.00 minus the $500.00 deductible. The amount is consistent or less than the estimates provided to the police and the replacement costs determined by Erie. The amount of the judgment represents the losses sustained together with allowable statutory costs.

      The final issue raised by Zaja is whether undue hardship based on his current financial circumstance permits a discharge of the debt.  The undue hardship test is a defense applicable to claims under 11 U.S.C. § 523(a)(8). The debt in this adversary proceeding does not fall under section 523(a)(8). The debt at issue is not a student loan.  While it may be difficult for the Debtor to repay the amounts, that is not a defense recognized by the Bankruptcy Code.

## **Conclusion**

      For the foregoing reasons, Plaintiffs' motion for summary judgment is GRANTED.

      This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order and judgment consistent with this decision will be entered.

Dated: December 12, 2013

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge